C. J. HAYDEN, ET AL. *v.* GEO. W. WILSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—827.]

**Construction of Will.**

Where a testator devised land to his wife for life "and at her death to belong to her daughter, Elizabeth, and her heirs forever, and in case Elizabeth should die without any heir, the land is to belong to Jane Alvey and her heirs," and the life tenant dies and Elizabeth marries, has children and dies, leaving such children surviving her, it is held that the devise to Elizabeth was an absolute fee, but to be divested if she died without children.

APPEAL FROM MARION CIRCUIT COURT.

March 24, 1883.

OPINION BY JUDGE PRYOR:

The land in controversy was devised to the mother for life "and at her death to belong to her daughter, Elizabeth, and her heirs forever, and in case Elizabeth should die without any heir the land is to belong to Jane Alvey and her heirs." The life tenant died and the remainderman married and also died leaving children. During her life she and her husband sold and conveyed the land to Wilson, who is the appellee here and resisting a recovery by the children of Elizabeth, who are claiming that their mother was also a life tenant, and that her death left them entitled under the will of their grandfather.

The devise to Elizabeth was the absolute fee to her and her heirs forever, but to be divested if she died without children. The children, if the land had not been sold, would have taken by descent from their mother and not under the will. That the devise to Elizabeth was a defeasible fee is well settled. In the case of *Deboe v. Lowen*, 8 B. Mon. (Ky.) 616, the devise was, "that if any of my children die without lawful heir or heirs, that the property hereby willed, go to my surviving children." It was held that each of the children held the fee subject to be divested in the event of dying without children. In *Hart v. Thompson*, 3 B. Mon. (Ky.) 482, the devise was to testator's nine children, and if either should die without heirs lawfully begotten their part was to be equally divided among the other children. This was held to vest in each of the children a fee terminable upon the contingency of their dying without leaving issue surviving them. See also *Daniel v. Thompson*, 14 B. Mon. (Ky.) 533; *Lachland's Heirs v. Downing's Exrs.*, 11 B. Mon. (Ky.) 32, and *Moran v. Dillehay*, 8 Bush (Ky.) 434.

The children having no interest by reason of the conveyance by the mother are in court without title.

Judgment *affirmed*.

*C. S. Hill, J. P. Thompson, for appellants.*

*W. B. Harrison, for appellees.*